IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KEVON SPRATT,<br><br>    Defendant. | Case No. 23-CR-4011-LTS-KEM<br><br>**REPORT AND RECOMMENDATION** |

Defendant Kevon Spratt moves to dismiss Count 8 of the superseding indictment against him, which charges him with using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Docs. 30, 43. The Government resists (Doc. 44), and Defendant filed a reply (Doc. 46). Defendant argues that attempted bank robbery in violation of 18 U.S.C. § 2113(a) does not constitute a crime of violence. He relies on a recent Supreme Court decision, *United States v. Taylor*,[1] in which the Court held that attempted Hobbs Act robbery does not constitute a crime of violence for purposes of § 924(c). But attempted bank robbery, unlike attempted Hobbs Act robbery, requires proof of the use of force or violence in the attempt. Accordingly, I recommend **denying** Spratt's motion to dismiss (Doc. 43).

## *I. DISCUSSION*

Under § 924(c)(1)(A), a defendant faces an enhanced sentence for using a firearm in relation to a crime of violence. "Crime of violence" is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the

---

[1] 142 S. Ct. 2015 (2022).

person or property of another."[2]  The categorical approach applies to determining whether a felony is a crime of violence.[3]  Thus, the court must determine "whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force."[4]

In *Taylor*, the Supreme Court held that even if Hobbs Act robbery always required proof of the use or threatened use of force (and was thus a crime of violence), attempted Hobbs Act robbery did not.[5]  Hobbs Act robbery (and its attempt) is defined by statute as "obstruct[ing], delay[ing], or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery or . . . attempt[ing] . . . so to do."[6]  The statute further defines robbery as follows:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.[7]

In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery required proof that "(1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and [that] (2) he completed a 'substantial step' toward that

---

[2] **18 U.S.C. § 924(c)(3)(A)**.  This is called the "elements clause."  The definition of "crime of violence" in the "residual clause," § 924(c)(3)(B), was struck down as unconstitutionally vague in *United States v. Davi*s, 139 S. Ct. 2319 (2019).

[3] *Taylor*, 142 S. Ct. at 2020.

[4] *Id.*

[5] *Id.*

[6] **18 U.S.C. § 1951(a)**.

[7] **18 U.S.C. § 1951(b)(1)**.

2

end."[8] The Court held that a substantial step could be completed before the defendant reached his victim and used or threatened force—for example, if the defendant researched the layout of a store he planned to rob, bought a ski mask and recruited a getaway driver, and drafted a threatening note he planned to pass to the cashier, but was arrested before putting his plan into action.[9] Thus, the Court held that attempted Hobbs Act robbery did not constitute a crime of violence.

Here, Spratt is charged with attempted bank robbery in violation of 18 U.S.C. § 2113(a). That statute, unlike Hobbs Act robbery, requires proof of the use of "force and violence"—even if charged with an attempt:

> Whoever, *by force and violence, or by intimidation*, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined . . . or imprisoned . . . .[10]

The Eighth Circuit Model Jury Instructions confirm that the Government must prove the "attempted taking was by force and violence."[11] Accordingly, attempted bank robbery in violation of 18 U.S.C. § 2113(a) is a crime of violence for purposes of the elements clause of § 924(c)(1)(A).[12]

---

[8] 142 S. Ct. at 2020.

[9] *Id.* at 2020-21.

[10] **18 U.S.C. § 2113(a)** (emphasis added).

[11] **Eighth Circuit Model Criminal Jury Instructions** 6.18.2113A; *see also id.* 6.18.1951A (model instructions for Hobbs Act robbery do not specifically require proof of force and violence).

[12] *See Sylla v. United States*, No. 1:20-cv-01608-SEB-MG, 2023 WL 2973778, at *3-4 (S.D. Ind. Apr. 17, 2023) (holding post-*Taylor* that attempted bank robbery was a crime of violence).

3

## II. CONCLUSION

I recommend **denying** Spratt's motion to dismiss (Doc. 43).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[13] Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[14] Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[15]

**DATED** May 19, 2023.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[13] **LCrR 59**.

[14] *See* **Fed. R. Crim. P. 59**.

[15] *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).