# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KEVON SPRATT,<br><br>    Defendant. | No. CR23-4011-LTS<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I deny defendant's motion (Doc. 43) to dismiss Count 8 of the superseding indictment, which charges him with using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Doc. 51. Spratt has filed objections (Doc. 52).

## II.    APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Spratt argues Count 8 should be dismissed because attempted bank robbery in violation of 18 U.S.C. § 2113(a) does not constitute a crime of violence. He relies on *United States v. Taylor*, 142 S. Ct. 2015 (2022), which held that attempted Hobbs Act robbery does not constitute a crime of violence for purposes of § 924(c). Judge Mahoney explained that unlike attempted Hobbs Act robbery, attempted bank robbery requires proof of the use of force or violence in the attempt. As such, she recommends denying Spratt's motion to dismiss.

In his objections, Spratt argues that attempted bank robbery is not categorically a crime of violence and thus cannot serve as a predicate offense under § 924(c)(1)(A).

Specifically, he objects to a reliance on the Eighth Circuit Model Jury Instruction for attempted bank robbery in determining the elements of the offense and the conclusion that attempted bank robbery categorically requires proof of violence or force.

Spratt agrees that the categorical approach applies in determining whether a felony is a crime of violence and can serve as a predicate offense for a violation of § 924(c)(1)(A). This means I must determine "whether the federal felony at issue always requires the government to prove – beyond a reasonable doubt, as an element of its case – the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020. Judge Mahoney observed that the bank robbery statute requires proof of the use of "force and violence" even if charged as an attempt:

> Whoever, *by force and violence, or by intimidation*, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined . . . or imprisoned . . . .

18 U.S.C. § 2113(a) (emphasis added). She noted that the Eighth Circuit Model Jury Instructions confirm that the Government must prove the attempted taking was by force and violence:

> The crime of bank robbery, as charged in [Count _____ of] the Indictment, has three elements, which are:
>
> One, the defendant [took] [attempted to take] (describe property, money, etc.) from the [person] [presence] of [another] [(name of person)], while that (describe property, money, etc.) was in the care or custody of (name of bank, etc.).
>
> Two, such [taking] [attempted taking] was by [force and violence] [intimidation]; and
>
> Three, the deposits of (name of bank, etc.) were then insured by (name insuring agency, e.g., the FDIC).

3

Case 5:23-cr-04011-LTS-KEM   Document 60   Filed 06/21/23   Page 3 of 6

*Eighth Circuit Manual of Model Jury Instructions (Criminal)* 6.18.2113A (2022) (footnotes omitted).

Spratt argues this model instruction conflicts with *United States v. Carlisle*, 118 F.3d 1271, 1273 (8th Cir. 1997), in which the court stated that to support a conviction for attempted robbery, the Government had to prove that defendant (1) intended to engage in criminal activity and (2) that his conduct amounted to a "substantial step" towards the commission of the crime. *Carlisle* cited *United States v. Crawford*, 837 F.2d 339, 340 (8th Cir. 1988), which clarified that these are the elements for attempt generally. *See also Eighth Circuit Manual of Model Jury Instructions (Criminal)* 8.01 (Attempt) (2022) (identifying elements as (1) intent to commit an act and (2) voluntarily and intentionally carrying out some act which was a substantial step toward that attempted act).

The *Taylor* Court used these elements to distinguish an attempt from the elements of a completed Hobbs Act robbery. *See Taylor*, 142 S. Ct. at 2020 (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007)). A completed Hobbs Act robbery requires proof that the defendant engaged in the "unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force" and an attempt requires that he intended to "unlawfully take or obtain personal property by means of actual or threatened force" and completed a substantial step toward that end. *Id*. The Court concluded that attempted Hobbs Act robbery did not constitute a crime of violence because neither the intention nor substantial step elements require the defendant to use, attempt to use, or even threaten to use force against another person or his property. *Id*. In other words, a person could be convicted of attempted Hobbs Act robbery without proof of the use, attempted use or threatened use of force, such as when an individual is arrested before he or she can threaten anyone. *See United States v. Turner*, 47 F.4th 509, 523 (7th Cir. 2022).

Spratt argues, similarly, that the offense of attempted bank robbery can be committed without the use, attempted use, or threatened use of force. Doc. 42 (citing *Carlisle, Crawford* and *United States v. Moore*, 921 F.2d 207, 209 (9th Cir. 1990)).

4

Courts examining this issue have focused on the language of § 2113(a), noting that the "by force and violence, or by intimidation" language "relates to both 'takes' and the phrase 'attempts to take.'" *United States v. Thornton*, 539 F.3d 741, 747 (7th Cir. 2008). The *Thornton* court concluded that actual (as opposed to attempted) force and violence or intimidation is required for a conviction under the first paragraph of § 2113(a), regardless of whether the defendant succeeds (takes) or fails (attempts to take) in his robbery attempt. *Id.*

As Judge Mahoney noted, this is consistent with the Eighth Circuit Model Jury Instruction for attempted bank robbery.[1] Additionally, courts considering this issue post-*Taylor* have concluded that attempted bank robbery constitutes a crime of violence. *See United States v. Lovick*, No. 18 Cr. 834-05, 2023 WL 3222416, at *5-6 (S.D.N.Y. May 3, 2023); *Sylla v. United States*, No. 1:20-cv-01608, 2023 WL 2973778, at *3-4 (S.D. Ind. Apr. 17, 2023). *Carlisle* and *Crawford* can be reconciled with these decisions because the defendants in those cases challenged only whether the evidence was sufficient to establish that they had taken a substantial step in furtherance of the taking. *See Carlisle*, 118 F.3d at 1273; *Crawford*, 837 F.2d at 340. While the facts of those cases suggest that the crime did not involve force and violence or intimidation, the Eighth Circuit did not have the occasion to consider that issue.

For these reasons, I find that attempted bank robbery pursuant to 18 U.S.C. § 2113(a) constitutes a crime of violence for purposes of § 924(c)(1)(A). Spratt's motion to dismiss Count 8 of the superseding indictment must be denied.

---

[1] Of course, the Model Jury Instructions are not promulgated by the Eighth Circuit Court of Appeals. *See United States v. Owens*, 966 F.3d 700, 705-06 (8th Cir. 2020). Unless a particular instruction is mandated by that court in a decision, the Model Jury Instructions "may serve as 'helpful suggestions,' but are 'not binding on the district courts.'" *Id.* (citing *United States v. Norton*, 846 F.2d 521, 525 (8th Cir. 1988)). Thus, while I find Model Jury Instruction 6.18.2113A to be informative on the issue presented by Spratt's motion, I rely primarily on the statutory language in holding that the use, attempted use, or threatened use of force is an element of the offense of attempted bank robbery pursuant to 18 U.S.C. § 2113(a).

## IV. CONCLUSION

For the reasons set forth herein:

1. Spratt's objections (Doc. 52) to the R&R (Doc. 51) are **overruled**;

2. I **accept** the R&R (Doc. 51) without modification, *see* 28 U.S.C. § 636(b)(1);

3. Pursuant to Judge Mahoney's recommendation, Spratt's motion (Doc. 43) to dismiss Count 8 of the superseding indictment is **denied**.

**IT IS SO ORDERED.**

**DATED** this 21st day of June, 2023.

_____
Leonard T. Strand, Chief Judge